UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAWN A. ORMBERG,<br><br>        Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>        Defendant. | CASE NO.   C05-5456FDB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      The Magistrate Judge recommends that the Administrative Law Judge's decision that Plaintiff is not disabled be affirmed.  Plaintiff filed a complaint with this Court regarding the ALJ's denial of benefits, and on stipulation of the parties, the matter was remanded for a *de novo* hearing to evaluate Plaintiff's obesity, pain disorder, migraine headaches, and other diagnoses. Following that hearing a determination that Plaintiff is not disabled, Plaintiff sought review of that decision in this court.

      At Step Two of the five-step sequential evaluation process, the ALJ concluded that Plaintiff's sleep apnea and migraine headaches were not "severe" impairments, a conclusion to which Plaintiff objects.  The Magistrate Judge concluded that the record indicated that the CPAP machine alleviated Plaintiff's breathing and snoring problems, and the objective medical record failed to show failed to show significant functional limitations because of the sleep apnea.  As to the migraine headaches, the record showed sporadic treatment and that medication alleviated the symptoms, from which the ALJ concluded there was no objective medical evidence to show that they had more than a minimal effect on Plaintiff's ability to

work. The Magistrate Judge also concluded that the ALJ's finding that Plaintiff retained the ability to perform simple, routine, repetitive job tasks and to work adequately with supervisors and coworkers, but should only have limited interaction with the public largely complied wit the requirements of the applicable case law and Social Security rulings in this area. Additionally, the Magistrate Judge did not err in assessing Plaintiff's credibility, as the evidence of Plaintiff's activities, including her part-time work indicated that she was engaging in work and other activities of daily living at a much greater level than one would expect for someone alleging disability. Finally, the Magistrate Judge concluded that the ALJ's analysis of Plaintiff's residual functional capacity as well as the ALJ's five-step analysis was proper.

Plaintiff objects to the Report and Recommendation arguing that the ALJ erred when (1) she did not find that Plaintiff's sleep apnea, migraine headaches, and shingles were severe; (2) she did not include all of the limitations found by the State Agency reviewing physicians in her residual functional capacity assessment, did not properly evaluate psychological evaluations, and did not provide clear and convincing reasons for rejecting Plaintiff's testimony.

Plaintiff was not diagnosed with sleep apnea until April 23, 2004. While there is an earlier reference in February 2002, disability is premised on the existence of a medically determinable impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005); *see also* 20 C.F.R. § 416.905 ("An 'impairment' must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." As to the migraine headaches, the argument that Plaintiff did not report all her headaches supports the ALJ's conclusion that the headaches did not cause any significant work related limitations. Plaintiff's contentions regarding her shingles must be rejected as well as there is no evidence that her twice-a-year outbreaks caused her any work related limitations.

The Court is convinced that the Magistrate Judge correctly rejected Plaintiff's arguments.

The Court, having reviewed plaintiff's complaint, the Report and Recommendation of Judge Karen L. Strombom, United States Magistrate Judge, and objections to the report and recommendation, and the remaining record, does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation;

(2) The administrative decision is AFFIRMED; and

(3) The Clerk is directed to send copies of this Order to plaintiff' counsel, defendant's counsel and Magistrate Judge Karen L. Strombom.

DATED this 21st day of April 2006.

/s/ Franklin D. Burgess

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3